UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAURICE SPORTING GOODS, LLC,

    Plaintiff,

v.                                                      Case No.: 2:20-cv-00452-JLP-MRM

READ SAMPLES,

    Defendant.
_____/

## ORDER

This cause comes before the Court sua sponte upon review of the Complaint filed by Maurice Sporting Goods, LLC (MSG). (Doc. 1.) Although MSG appears to be styled as a limited liability company, paragraph 8 of the Complaint provides that "Maurice Sporting Goods, **Inc.** . . . is a **corporation** organized and existing under the laws of the State of Delaware and having a principal place of business in Northbrook, Illinois." (*Id.* at ¶8) (emphasis added). Maurice Sporting Goods, Inc. (a corporate entity) appears to be distinct from MSG (an unincorporated entity). Accordingly, the Court requires additional evidence to determine whether it has subject matter jurisdiction over this case.

District courts must "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Subject matter jurisdiction exists if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a)(1). Complete diversity requires that the citizenship of

every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). A party that files suit in federal court has the burden of establishing facts supporting federal jurisdiction. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*, 374 F.3d 1020, 1022 (11th Cir. 2004). If members of an unincorporated association—like an LLC—are themselves unincorporated associations, then the citizenship of those members must be traced through all their respective partners or members, however many layers there might be. *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1220 (11th Cir. 2017). Conversely, "a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing 28 U.S.C. § 1332(c)).

The named plaintiff is MSG, which is described as an LLC in the Complaint. (Doc. 1.) But the Complaint's jurisdictional allegations do not mention MSG. Instead, the Complaint discusses the state of incorporation and principal place of business of "Maurice Sporting Goods, Inc.," a corporate entity which appears to be distinct from MSG. (*Id.* at ¶8.) Because MSG is an LLC, its state of incorporation and principal place of business are irrelevant to its citizenship. Instead, the proper inquiry is the citizenship of MSG's members. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1021–22. And if those members are themselves LLCs, then their citizenship must be traced

through their respective members as well. *Purchasing Power, LLC*, 851 F.3d at 1220.

Accordingly, it is **ORDERED**:

1. **No later than September 2, 2020**, MSG is ordered to **SHOW CAUSE** in writing (ten pages or fewer), why this case should not be dismissed for lack of subject matter jurisdiction.

2. Failure to comply with this order will result in dismissal without further notice.

**ORDERED** in Fort Myers, Florida, on August 19, 2020.

*/s/ John L. Badalamenti*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE